# UNITED STATES DISTRICT COURT

for the
Eastern District of Missouri

**In the Matter of the Search of**

THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A.

Case No. 4:20 MJ 71 DDN

**APPLICATION FOR A SEARCH WARRANT**

I, Jason Staats, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A.

located in the EASTERN District of MISSOURI, there is now concealed

see ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

✓ evidence of a crime;
✓ contraband, fruits of crime, or other items illegally possessed;
✓ property designed for use, intended for use, or used in committing a crime;
❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., §§ 841(a)(1), 846 | Conspiracy to possess with intent to distribute controlled substance(s); |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓ Continued on the attached sheet.
❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _______) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

JASON STAATS, Task Force Officer
DEA

*Printed name and title*

**Sworn to before me and signed in my presence.**

Date: March 17, 2020

*Judge's signature*

City and State: St. Louis, MO

Hon. David D. Noce, U.S. Magistrate Judge
*Printed name and title*

AUSA: Lisa Yemm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A. | )<br>)<br>)<br>)<br>)<br>) | No. 4:20 MJ 71 DDN<br><br><br>FILED UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Jason Staats, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 5338 Queens Avenue, St. Louis, Missouri 63115 (hereinafter the "**Target Premises**") further described in Attachment A, for the things described in Attachment B.

2. I am a Task Force Officer of the Drug Enforcement Administration (DEA), United States Department of Justice (DOJ). As such, I am an investigative and law enforcement officer of the United States (U.S.) within the meaning of Title 18, U.S. Code, Section 2510 (7), who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, U.S. Code, Section 2516.

3. I have been a Task Force Officer with the DEA since January 2006. I am currently assigned to the St. Louis Field Division (FD), Task Force Group 31. In the course of my employment with DEA, I have received specialized training and experience in the investigation of narcotic related offenses concerning violations of the Controlled Substances Act contained within Title 21, United States Code, including the transportation, distribution and sale of controlled substances. I have been trained to recognize the methods and trends of trafficking illicit drugs and



GOV-000141

the laundering of drug proceeds. I have been involved with numerous narcotics related investigations which have resulted in the seizure of narcotics and narcotics related assets.

4. I successfully completed the Eastern Missouri Police Academy in 1999 and soon thereafter employed by the Jennings Police Department from 1999 to 2004. During my tenure with the Jennings Police Department I started as a patrolman and was reassigned to the Jennings Mobile Reserve Unit which focused on drug, gang, and violent activity within the City of Jennings. As a Jennings Police Officer, I was later assigned to the St. Louis County Multi-Jurisdictional Drug Task Force which was compromised of several Officers/Detectives from multiple municipalities working together to combat the illegal possession, sale, and distribution of illegal narcotics. From 2004 to present I am employed by the City of Florissant Police Department. In 2004 I started as a patrolman, then quickly assigned to the Florissant Anti-Crime Unit. From 2006 to present I have been assigned as a Task Force Officer with the Drug Enforcement Administration (DEA), assigned to the DEA St. Louis Most Violent Offenders Task Force Group #31.

5. During my time as a Task Force Officer I have been the Affiant on multiple affidavits, to include assisting with the drafting of Title-III wiretap affidavits. During my tenure in law enforcement, I have been involved in numerous investigations involving sophisticated drug trafficking organizations (DTO). Based on my training, experience, and participation in controlled substance investigations, I am familiar with the methods of operation of drug traffickers. I have participated in numerous drug investigations which have resulted in the seizure of cocaine, heroin, MDMA (ecstasy), marijuana, methamphetamine, and other controlled substances. I am familiar with and have used normal methods of investigation including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the utilization of undercover agents, and the use of court-authorized wire intercepts. I am also

familiar with federal criminal laws, particularly those laws relating to narcotics. Additionally, I am part of an experienced team of narcotics investigators that have participated in numerous drug trafficking investigations utilizing various investigative techniques. I am familiar with the methods employed by large scale narcotics organizations in attempts to thwart detection by law enforcement, including but not limited to the use of cellular telephone technology, counter surveillance techniques, false or fictitious identities and addresses, money laundering techniques, and coded communications and conversations.

6. The information in the Affidavit is based on my personal involvement in the investigation of this case, law enforcement reports, records, interviews and information received from a confidential source and from other law enforcement agents, my experience and training, and the experience of other agents. Because of this Affidavit's limited purpose, it does not contain all of the facts known to me or other law enforcement officers about the investigation. I have set forth only the facts I believe are necessary to establish the necessary foundation for securing authorization for establishing probable cause for a search warrant for the **Target Premises**.

7. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 and 846, have been committed by Markquis BRYANT and other persons known and unknown to investigators, and there is also probable cause to search the location described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

**LOCATION TO BE SEARCHED**

8. The **Target Premises** includes a single story residence located at 5338 Queens Avenue, St. Louis, Missouri 63115, which is a red brick building with a front door that is dark in color. The numbers "5338" are located to the right of the front door. There is a single window with

white trim on the front of the building of the **Target Premises**. The **Target Premises** has a concrete sidewalk that leads to a small porch in the front of the residence and a rear yard with a concrete parking pad in the back of the residence that is visible from the back alley. The **Target Premises** is depicted below and described in Attachment A:



9. Your affiant is requesting that investigators and law enforcement officers executing the requested warrant not be required to knock and announce an officer's presence. The circumstances supporting this request are described in the Probable Cause and Request for No Knock Authority sections of this affidavit.

## PROBABLE CAUSE

10. In the month of March 2020, investigators with the Florissant Police Department's Anti-Crime Unit began an investigation into a fatal narcotics overdose as documented in Florissant Report: 20-001700. Investigators learned during the course of that investigation that victim T.M. (herein the "victim"), died on March 7, 2020, at his residence in Florissant, Missouri. First

responders were called at approximately 5:00 AM, and T.M. was pronounced deceased at the scene.

11. Detectives conducted witness interviews, area canvasses, and reviewed cellular data obtained from the victim's cellular phone. During the review of the victim's cellular phone, Detectives learned that the victim's cellular phone had communication with phone number of **314-701-0806** at approximately 3:20 PM on March 6, 2020. The call lasted approximately 29 seconds. During a review of text messages exchanged between the victim's phone and phone number **314-701-0806** prior to March 6, 2020, detectives noted conversations that were indicative of narcotics transactions. Detectives further noted that the victim had provided his residential address to this phone number. The communications reviewed by detectives led them to believe the user of **314-701-0806** was the victim's narcotics dealer. During subsequent interviews of family members and friends of the victim, detectives learned that the victim would respond occasionally to St. Louis City in order to obtain illegal narcotics.

12. Detectives learned from speaking with a [REDACTED] of the victim that the victim had most recently purchased narcotics from an individual known to the victim and this [REDACTED] as "Two" at a gas station located at 1451 N. Kingshighway, St. Louis, MO 63113, on the date of March 6th, 2020, the day before the victim's death. The [REDACTED] stated that "Two" drives a black in color Dodge Ram pickup with dark tinted windows and that the [REDACTED] had himself accompanied the victim to purchase narcotics from "Two" on that date. Detective Edwards contacted the Real Time Crime Center (RTCC) and obtained video surveillance that shows the narcotics transaction between the victim and "Two." While reviewing the video surveillance Detectives noted that a black Dodge Ram pickup truck pulled onto the gas station lot at approximately 3:17 PM and parked near the front of the business prior to the victim arriving to

the gas station. At approximately 3:22 PM victim, accompanied by [redacted], drove onto the gas station lot and parked near the black Dodge Ram pickup truck. These times are consistent with the phone call between the victim's phone and **314-701-0806**, the victim's dealer's number.

13. The surveillance video shows that the victim exited the vehicle and contacted an individual occupying the black in color Dodge Ram pickup with dark tinted windows. The victim and the occupant conducted the transaction at approximately 3:23 PM. After the completion of the narcotics transaction, the black Dodge Ram pickup began to leave the lot, but stopped as a St. Louis City Police vehicle drove by. The black Dodge Ram pickup remained parked for several minutes before leaving the lot.

14. Detectives developed a Confidential Source (CS#1)[1] during this investigation. During the course of this investigation as outlined further below, CS#1 conducted a controlled purchase of narcotics from "Two," later identified as Markquis Bryant, from the **Target Premises**.

15. Detectives learned from CS#1 that CS#1 previously used narcotics with the victim and knew the victim's dealer to be "Two," and that "Two" had previously provided narcotics, specifically heroin and/or fentanyl, to both CS#1 and the victim in the past. CS#1 pointed out the approximate address of "Two" to law enforcement, which is **Target Premises.** Detectives verified information provided by CS#1 using various law enforcement databases and learned that the this address, the **Target Premises,** was closely associated with an individual named Markquis BRYANT, B/M DOB: 04/16/1971, SSN: 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. Records from the Missouri Department



1 [redacted] Information provided by CS#1 was corroborated through analysis of the victim's cellular phone, public records, law enforcement databases, witness interviews, and the controlled purchase of heroin monitored by law enforcement.

of Revenue and utilities providers indicate that Markquis BRYANT is residing at the **Target Premises.**

16. BRYANT has a criminal history which includes: (1) convictions for Murder 1st Degree, Assault 1st Degree, and Armed Criminal Action in 1990, for which he received sentences of 25 years, 10 years, and 3 years, respectively; (2) a felony conviction for possession of a controlled substance in 2009, for which he received a sentence of 2 years; and (3) convictions for Assault in the 2nd Degree and Armed Criminal Action in 2011, for which he received sentences of 4 years and 3 years, respectively.

17. Detectives conducted two separate photo line-ups with both (1) the close family member who accompanied the victim to purchase narcotics from "Two," and (2) CS#1. Both individuals separately confirmed that BRYANT was the subject known to them as "Two." Those line-ups were later packaged into evidence.

18. On the date of March 12th, 2020, Detectives utilized CS#1 to conduct a controlled purchase of narcotics from BRYANT. CS#1 contacted BRYANT at the same number detectives observed in the victim's phone, **314-701-0806**, in the presence of detectives, to set up the transaction. Detectives provided CS#1 with $40.00 in Florissant Police Department Buy Funds for the purchase of narcotics. Prior to the controlled purchase, detectives established surveillance of the **Target Premises**. Detectives observed BRYANT park a black Dodge Ram pickup with dark tinted windows in front of the **Target Premises**, exit the driver's seat, and enter the **Target Premises** utilizing a key at the front door. BRYANT was accompanied by a young black female presumed to be his daughter.

19. CS#1 entered the **Target Premises** and provided BRYANT with the $40.00 in Buy Funds in exchange for a quantity of narcotics suspected to be heroin and/or fentanyl. During the

transaction, detectives monitored CS#1 over an open phone line. Detectives overheard BRYANT state that he had recently purchased an "AR-15."

20. After CS#1 completed the narcotics transaction inside the **Target Premises**, CS#1 met with detectives at a pre-determined location and provided the suspected narcotics to detectives.

21. The suspected narcotics consisted of a white powdery substance consistent with heroin and/or fentanyl. The suspected narcotics were packaged and entered into evidence; however, due to the possible presence of fentanyl, which is known to be fatal, the narcotics were not field tested.

22. During a debrief of CS#1, CS#1 stated that while inside the residence, CS#1 noted a handgun on the kitchen counter and that BRYANT made reference to recently purchasing an AR-15 style rifle to protect his product and himself. CS#1 stated that he/she observed a larger amount of narcotics on the kitchen table.

23. During surveillance of the **Target Premises** after the narcotics purchase on that same date, March [redacted], 2020, Detectives Smith and Swope noted what appeared to be two more hand-to-hand narcotics transactions occurred on the front porch area of the **Target Premises**. The first hand-to-hand transaction occurred between BRYANT and a black male wearing a green in color sweatshirt. The transaction between BRYANT and the unknown male was consistent with that of a narcotics transaction. A second hand-to-hand transaction occurred between BRYANT and a black male wearing brown sweatshirt. The transaction between BRYANT and the unknown male was also consistent with that of a narcotics transaction.

24. As a result of your affiant's training and experience, your affiant has knowledge of the following methods of operations concerning narcotics dealers and traffickers:

a. Drug traffickers maintain on hand large amounts of United States ("U.S.")

currency in order to finance their ongoing narcotics business.

b. It is common for drug dealers to secrete contraband, proceeds of drug sales, and records of drug transactions in their residence or other buildings under their control.

c. Drug traffickers frequently keep near at hand, in their residence or other buildings under their control, paraphernalia for packaging, cutting, weighing and distributing of drugs. These paraphernalia include, but are not limited to scales, plastic bags, and cutting agents.

d. Drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, computer hard drives and disk records, money orders and other papers relating to the transportation, ordering, sale and distribution of controlled substances. Drug traffickers commonly "front" (provide drugs on consignment) controlled substances to their clients. The aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the drug traffickers have ready access to them, specifically in their residence or in other buildings under their control.

e. Drug traffickers commonly maintain telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones; digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association in fact with persons known to traffic in controlled substances or to facilitate such trafficking. These records are maintained where drug traffickers have ready access to them, specifically, in their residence or in other buildings under their control.

f. Drug traffickers take or cause to be taken photographs of them, their associates, their property and their product. These traffickers frequently maintain these

photographs in their residence or other buildings under their control.

g. Persons involved in large-scale drug trafficking conceal in their residence or other buildings under their control large amounts of currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances.

h. When drug traffickers amass large proceeds from the sale of drugs that the drug traffickers attempt to legitimize these profits. I know that to accomplish these goals, drug traffickers utilize financial institutions, including but not limited to, foreign and domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations and business fronts. They maintain record of these transactions in their residence or other buildings under their control.

i. Evidence of occupancy and residence including, but not limited to utility and telephone bills, canceled envelopes, rental or lease agreements, and keys, is relevant evidence in narcotics prosecutions.

j. Drug traffickers frequently possess firearms and/or other weapons in their residence or other buildings under their control to protect their cocaine, heroin and/or United States currency.

**REQUEST FOR NO KNOCK AUTHORITY**

25. This affiant specifically requests that the Court authorize the executing law enforcement officers to forego the requirement to "knock-and-announce" their presence prior to making entry into the Premises. The circumstances supporting this request are described a follows.

26. Based on the facts and circumstances discussed in this Affidavit, among other

things, there is a significant threat to officer safety and the safety of other persons present at the **Target Premises**. In other words, investigators believe that there is a substantial likelihood of a violent confrontation should the search warrant team be required to knock and announce their presence at the time of the execution of the search warrant.

27. During the controlled purchase conducted by investigators, BRYANT stated he had recently purchased an AR-15 style firearm, and CS#1 observed a handgun in plain view on the kitchen counter.

28. As discussed in the probable cause section of the warrant, BRYANT has a violent criminal history which includes a conviction for Murder 1st Degree, Assault 1st Degree, Assault 2nd Degree, and Armed Criminal Action.

29. Your affiant believes that the totality of the investigation creates a substantial likelihood of violent confrontation and/or otherwise inhibits the investigation of the subject offenses should the search warrant team be required to knock and announce their presence at the time of the execution of the warrants. For these reasons, your affiant specifically requests that the Court authorize the search warrant teams to enter the **Target Premises** without first knocking and announcing their presence, and at any time, day or night.

## CONCLUSION

34. Based upon the foregoing, your affiant asserts that there is probable cause to believe that evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, Possession with Intent to Distribute a Controlled Substance and Conspiracy to Possess with Intent to Distribute a Controlled Substance, can be found at the **Target Premises** further described in Attachment A. The type of evidence this affiant would expect to find has been referred to above, would include: controlled substances, receipts, correspondence ledgers, telephone books, and other



GOV-000151

documents establishing the purchase of drugs and customers for drugs, currency, evidence of ownership and control of premises, and other items evidencing the obtaining, secreting, transferring, and/or concealment of money and other evidence in violation of the federal narcotics laws described in the supporting affidavit. Your affiant requests a search warrant for the **Target Premises** and to seize all items listed and referred to in this affidavit.

March 17, 2020
DATE

Jason Staats
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 17th day of March, 2020.

The Honorable David D. Noce
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

# ATTACHMENT A

*LOCATION TO BE SEARCHED*

**5338 Queens Avenue, St. Louis, MO 63115**

The **Target Premises** includes a single story residence located at 5338 Queens Avenue, St. Louis, Missouri 63115, which is a red brick building with a front door that is dark in color. The numbers "5338" are located to the right of the front door. There is a single window with white trim on the front of the building of the **Target Premises**. The **Target Premises** has a concrete sidewalk that leads to a small porch in the front of the residence and a rear yard with a concrete parking pad in the back of the residence that is visible from the back alley. **Target Premises** is depicted below:



## ATTACHMENT B

Articles of personal property tending to establish and document a conspiracy to distribute and possess with the intent to distribute Heroin/Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 846 and that constitute fruits, evidence and instrumentalities of those violations, including:

a. Controlled substances;

b. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies and spoons;

c. Books, records, receipts, notes, ledgers, computer hard-drives and disk records, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

d. Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones; digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

e. Photographs, including photographs of co-conspirators, assets, or controlled substances;

f. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances;

g. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

h. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys; and

j. Firearms and/or weapons.

# UNITED STATES DISTRICT COURT

for the
Eastern District of Missouri

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A.

Case No. 4:20 MJ 71 DDN

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the EASTERN District of MISSOURI *(identify the person or describe the property to be searched and give its location)*:

THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

see ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before March 30, 2020 *(not to exceed 14 days)*
✓ in the daytime 6:00 a.m. to 10:00 p.m. ❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to David D. Noce.
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for ______ days *(not to exceed 30)* ❑ until, the facts justifying, the later specific date of ______________.

Date and Time issued: 2:45 pm March 17, 2020 — David D. Noce
*Judge's signature*

City and State: St. Louis, MO — Honorable David D. Noce, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*LOCATION TO BE SEARCHED*

**5338 Queens Avenue, St. Louis, MO 63115**

The **Target Premises** includes a single story residence located at 5338 Queens Avenue, St. Louis, Missouri 63115, which is a red brick building with a front door that is dark in color. The numbers "5338" are located to the right of the front door. There is a single window with white trim on the front of the building of the **Target Premises**. The **Target Premises** has a concrete sidewalk that leads to a small porch in the front of the residence and a rear yard with a concrete parking pad in the back of the residence that is visible from the back alley. **Target Premises** is depicted below:



**ATTACHMENT B**

Articles of personal property tending to establish and document a conspiracy to distribute and possess with the intent to distribute Heroin/Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 846 and that constitute fruits, evidence and instrumentalities of those violations, including:

a. Controlled substances;

b. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies and spoons;

c. Books, records, receipts, notes, ledgers, computer hard-drives and disk records, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

d. Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones; digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

e. Photographs, including photographs of co-conspirators, assets, or controlled substances;

f. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances;

g. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

h. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys; and

j. Firearms and/or weapons.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) | |
| | ) | No. 4:20 MJ 71 DDN |
| THE PREMISES LOCATED AT: **5338 Queens** | ) | |
| **Avenue, St. Louis, MO 63115,** further described | ) | **FILED UNDER SEAL** |
| in Attachment A. | ) | |

**MOTION FOR SEALING ORDER**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court for an order directing that the search warrant, along with its application, affidavit, and return, entered by this Court be sealed until September 17, 2020, except for the limited purposes of providing same to defense counsel pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

In support of this Motion, the Government provides the following facts, establishing that (a) the government has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical:

Because this investigation is ongoing and its success would be jeopardized if the contents of the affidavit were made public, the Government requests that the affidavit and the accompanying search-warrant documents be sealed for the stated period of time.

WHEREFORE, for the reasons stated above, the Government respectfully requests that the search warrant, along with its application, affidavit, and return, be sealed until September 17, 2020.

Dated this _17th_ day of March, 2020.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

LISA M. YEMM, #64601MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IN THE MATTER OF THE SEARCH OF: | ) | |
|---|---|---|
| | ) | No. 4:20 MJ 71 DDN |
| THE PREMISES LOCATED AT: **5338 Queens Avenue, St. Louis, MO 63115,** further described in Attachment A. | ) ) ) | **FILED UNDER SEAL** |

**ORDER**

On motion of the United States of America, IT IS HEREBY ORDERED that the search warrant, along with its application, affidavit, and return, and this Order issued thereto, be sealed until September 17, 2020, except for the limited purposes of providing same to defendant counsel pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

This Order is based upon the sealed motion of the Government establishing that: (a) the government has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical.

DD Noce
DAVID D. NOCE
United States Magistrate Judge

Dated this 17th day of March, 2020.